United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 13, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-11383
Conference Calendar
_____

KENDRICK JERMAINE FULTON,

                                        Plaintiff-Appellant,

versus

STATE OF TEXAS; CITY OF AMARILLO; DAVID PONCE,

                                        Defendants-Appellees.

--------------------
Appeals from the United States District Court
for the Northern District of Texas
USDC No. 2:05-CV-265
--------------------

Before BARKSDALE, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Kendrick Jermaine Fulton, federal prisoner # 30080-177,
appeals from the district court's order dismissing his pro se
42 U.S.C. § 1983 civil rights action for failure to state a claim
upon which relief may be granted, pursuant to 28 U.S.C.
§§ 1915(e)(2)(B)(ii) and 1915A.  The district court concluded
that Fulton's constitutional challenges to the state-court civil
forfeiture proceeding in which Fulton's Chevrolet Blazer was

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

forfeited to the State of Texas was barred by the Rooker/Feldman[**] doctrine.

Fulton was the losing party in a state-court action, and he filed suit in federal court after the state proceedings ended. His federal action concerns an injury "caused by the state-court judgment and [effectively] seek[s] review and rejection of that judgment." See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291-92 (2005). As such, the district court lacked subject-matter jurisdiction over Fulton's complaint. Richard v. Hoechst Celanese Chem. Group, Inc., 355 F.3d 345, 354 (5th Cir. 2003).

The appeal is without arguable merit, is frivolous, and is therefore dismissed. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2. The district court's dismissal of Fulton's § 1983 complaint and the dismissal of this appeal as frivolous count as strikes under the three-strikes provision, 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Fulton is cautioned that if he accumulates a third strike under § 1915(g), he will not be permitted to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.

---

[**] Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).